ALFRED G. KUHN v. THOMAS E. SWANSON, MAXWELL BAXTER, A. J. RYAN, and FLOYD L. WRAY, as members of and constituting the Broward County Port Authority, *et al.*

159 So. 29.

Opinion Filed January 29, 1935.

*G. H. Martin* and *Wallace & Peffer,* for Appellant;

*Geo. W. English, Jr.,* for Appellees.

DAVIS, J.—Kuhn, as complainant, brought this suit in the Circuit Court of Broward County against Swanson and others, as and constituting the members of the Broward County Port Authority. His prayer was for injunctive relief enjoining and restraining the defendants, as the governing officials of the Broward County Port Authority from taking any further steps or action toward canvassing the votes cast at an alleged election held December 11, 1934, to select officers for the District, or from paying from the funds of the District any of the expenses of holding such election. The injunction was denied. Complainant, who sues solely and only in his capacity as a taxpayer and property owner of the District, has appealed from the interlocutory order denying injunctive relief.

The Broward County Port Authority District has been

held by this Court to be a governmental agency with adequate express authority to acquire, maintain and regulate a deep water harbor and port on the Atlantic Ocean with auxiliary and *ad valorem* taxing powers to facilitate interstate and foreign commerce with Florida as well as to carry out local commercial purposes. Martha Bright Farms, Inc., v. Broward County Port Authority, 117 Fla. 361, 158 So. 70 (Appeal to U. S. Supreme Court dismissed on Nov. 19, 1934). Its existing statutory powers and prerogatives are to be found in the provisions of Chapter 15107, Special Acts of 1931, Laws of Florida, under which statute the respondents, as members of the Broward County Port Authority, attempted to call, and did call and hold, a special election on December 11, 1934, for the purpose of electing officers of the District to succeed the members whose terms were about to expire by legal limitation on January 1, 1935. See Sec. 9 of the Act.

WHITFIELD, C. J.—Chapter 12562, Acts of 1927, provides : * * *

"Sec. 3. The Governing Authority of said District shall be known as the 'Broward County Port Authority,' and shall consist of four members, who shall be qualified electors and freeholders, residing within the territorial limits of said District, providing, however, that in no event shall there be more than two members residing within the territorial limits of the City of Fort Lauderdale ; and provided further, that in no event shall there be more than two members residing within the territorial limits of the City of Hollywood, Florida.

"Said members of the Broward County Port Authority shall be appointed by the Governor of the State of Florida and shall hold office until January 1, 1931, or until their successors shall be duly qualified. Their successors shall

be elected at the time of holding the general election in the year 1930 and thereafter the term of office of the members of said Port Authority shall be four (4) years or until their successor shall have duly qualified, and an election shall be held every four years after the general election in the year 1930 for the purpose of electing the members of the said Broward County Port Authority. Any vacancy occurring in the Port Authority shall be filled by the Governor of the State of Florida and the members so appointed by the Governor shall serve during the unexpired term for which he was appointed."

Four members were elected at the general election in 1930.

Chapter 15107, Acts of 1931, repealed Chapter 12562 and enacts:

"Section 6. All members of the Broward County Port Authority heretofore elected and commissioned, and now holding office as such Port Commissioners, shall continue to hold their respective offices and discharge the duties thereof for the term for which they were elected, and until their successors are elected and qualified under the provisions of this Act. * * *

"Section 9. The governing authority of said District shall be known as the 'Broward County Port Authority,' and shall consist of four members, who shall be qualified electors and freeholders, residing within territorial limits of said District, providing, however, that in no event shall there be more than two members residing within the territorial limits of the City of Fort Lauderdale, and providing, further, that in no event shall there be more than two members residing within the territorial limits of the City of Hollywood. The present members of the Broward County Port Authority shall hold offices for which they were elected until January 1st, 1935, or until their successors have

been elected and duly qualified. The term of office of their successors shall be for four years or until their successors have been elected and duly qualified.

"Any vacancy or vacancies occurring on the Broward County Port Authority shall be filled by appointment of the Governor of the State of Florida, and the members so appointed by the Governor shall serve during the unexpired term for which they were appointed. In the event any vacancy shall occur and be filled as herein provided, such person or persons appointed to fill such vacancy or vacancies shall reside in the same territory or municipality as the member or members whose offices or places are filled by said appointment. * * *"

The Act, Chapter 15107, contains no authority for holding an election. It manifestly contemplated that the successors to the members of the Broward County Port Authority then in commission would be chosen at the appropriate general election in November, 1934.

No members were elected at the general election in 1934, as contemplated by Chapter 15107, Acts of 1931. The Broward County Port Authority called an election for members which was held in December, 1934. Chapter 15107 conferred no authority to call or hold a special election.

The statutes provide:

"Special elections shall be held in the following causes: First—When there has been no choice of any officer who should have been elected at a general election." Sec. 254 (219) C. G. L.

"Whenever a special election for any office is required to be holden, the Governor shall make an order declaring on what day the same shall be held, and deliver the same to the Secretary of State, whereupon the Secretary of State

shall publish notice of the election to be holden." Sec. 256 (221) C. G. L.

The special election held in this case in December, 1934, was not called or held under the above provisions of law.

Chapter 12562 expressly provided that "an election shall be held every four years after the general election in the year 1930 for the purpose of electing the members of said Broward County Port Authority." Chapter 12562 was specifically repealed by Chapter 15107; but the latter Chapter provides that "the present members of the Broward County Port Authority shall hold the offices for which they were elected until January 1st, 1935, or until their successors have been elected and duly qualified. The term of office of their successors shall be for four years or until their successors have been elected and duly qualified. Any vacancy or vacancies occurring on the Broward County Port Authority shall be filled by appointment of the Governor of the State of Florida, and the members so appointed by the Governor shall serve during the unexpired term for which they were appointed"; and that the members theretofore elected and commissioned and then holding office shall continue to hold their respective offices for the term for which they were elected, and until their successors are elected and qualified "under the provisions of this Act." As the Act made no provision for an election, the election of successors at the general election in 1934 was obviously intended. This accords with the intendments of Section 9, Article XVIII, Constitution.

Section 461 (396) Paragraph "Sixth," Compiled General Laws, and Section 7, Article IV of the Constitution provide for filling vacancies caused by the failure to elect officers.

As there is no authority given the Broward County Port Authority to call or hold an election for members of the

Board, and as the provisions of Sections 6 and 9 of Chapter 15107, indicate an intent to continue the previous method of electing members at the general elections held in November, there appears to be no basis for an implication of authority in the Broward County Port Authority to call an election in December, 1934; therefore such election was unauthorized by law.

Reversed.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.